UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLYMPUS INSURANCE COMPANY,

    Plaintiff,

v.                                                             Case No: 8:21-cv-1945-CEH-TGW

WHIRLPOOL CORPORATION,

    Defendant.
_____

## ORDER

This cause comes before the Court *sua sponte*. Defendant Whirlpool Corporation ("Whirlpool" or "Defendant") removed this strict liability and negligence action from state court, predicating the Court's subject matter jurisdiction on diversity jurisdiction. (Doc. 1 at 1). However, upon further review, Defendant has not sufficiently established the amount in controversy for purposes of diversity jurisdiction. As such, Defendant shall show cause as to why this action should not be remanded for lack of subject matter jurisdiction.

Whirlpool removed this action to federal court on the basis of diversity of citizenship. Doc. 1. Whirlpool makes the conclusory statement that the jurisdictional amount in controversy is met because Plaintiff seeks damages in the amount of at least $89,567.52. *Id.* ¶ 10. Yet, review of the underlying Complaint reveals no such request. As to the amount in controversy, Plaintiff alleges only that its damages exceed

$30,000. Doc. 1-1 ¶ 1. Because the Court concludes that Defendant fails to carry its burden that removal is proper, the Court issues this show cause order.

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions

sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

Relevant here, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement" where the plaintiff does not plead a specific amount of damages. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

3

Because the Complaint does not provide specificity as to the amount of damages sought, alleging only that the amount exceeds $30,000, it is Whirlpool's burden, as the party who invoked the Court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Lowery v. Ala. Power*, 483 F.3d 1184, 1208 (11th Cir. 2007). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). However, the court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010). Here, Defendant proffers no evidence to support the claimed damage amount of $89,567.52. Defendant's blanket statement without any supporting underlying facts or documents is insufficient to carry Defendant's burden of demonstrating the amount in controversy has been satisfied for purposes of establishing the Court's subject-matter jurisdiction. *See Lowery*, 483 F.3d at 1215 n.63; *Williams*, 269 F.3d at 1319–20.

Accordingly, it is hereby

**ORDERED**:

Defendant, Whirlpool Corporation, is directed to **SHOW CAUSE** as to why this case should not be remanded for lack of subject matter jurisdiction. Defendant

shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond within the time provided will result in the remand of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on August 24, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties